PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Chrysler Crossfire struck a hole on W.Va. Route 705, known as “Two Hundred First Memorial Highway”, in Morgantown, Monongalia County. W.Va. Route 705 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 15,2008. W.Va. Route 705 is a two-lane road with a speed limit of fifty miles per hour. At the time of the incident, claimant was driving on W.Va. Route 705 in the left lane of traffic. He was driving toward U.S. Route 119 and was trying to avoid traveling in the right turn lane because the road surface was rough. As he drove onto the right turn lane at the end of W.Va. Route 705 at approximately twenty-five or thirty miles per hour, his vehicle struck a hole in the road. Claimant testified that he noticed a hole, but as he was trying to avoid that hole, his vehicle struck another hole. Claimant had traveled on this road the week before in a different vehicle. As a result of this incident, his vehicle sustained damage to its right front tire in the amount of $275.55. The amount of claimant’s insurance deductible at the time of the incident was $250.00, thus claimant’s recovery is limited to that amount.
*186 The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 705. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that approximately half of the right turn lane is composed of concrete and half is composed of asphalt. She testified that the asphalt had loosened in this particular area. Respondent had cold mix and perma-mix available to patch holes at this time, and she explained that both cold mix and perma-patch are temporary solutions. During this time of year, respondent performed patching when its crews were not involved in snow removal and ice control.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that it presented a hazard to the traveling public. The size of the hole and its location on the travel portion of the road lead the Court to conclude that respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since he was aware of the condition on the road. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals twenty-percent (20%) of his loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover eighty-percent (80%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $200.00.
Award of $200.00.